IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| REZA (RAY) LESANE, | ) | CIVIL NO. 19-00179 JAO-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO REMAND THE CASE |
| vs. | ) ) | |
| HAWAIIAN AIRLINES, INC.; MARK DUNKERLY, | ) ) ) | |
| Defendants. | ) ) ) | |

ORDER DENYING PLAINTIFF'S MOTION TO REMAND THE CASE

Defendant Hawaiian Airlines, Inc. ("Defendant") removed this action based on federal question jurisdiction and retention of jurisdiction over *Lesane v. Hawaiian Airlines*, Civil No. 98-00735 DAE-KSC ("*Lesane I*"). Plaintiff Reza Lesane ("Plaintiff") seeks to remand this action to state court. For the reasons articulated below, the Court DENIES Plaintiff's Motion to Remand the Case.

BACKGROUND

Plaintiff commenced this action on March 19, 2019 in the Circuit Court of the First Circuit, State of Hawaiʻi. The Complaint asserts the following causes of action: (1) violations of State of Hawaiʻi Fair Employment Act (Counts 1-4); (2) intentional infliction of emotional distress (Count 5); (3) violation of the right to contract under the Hawaiʻi Constitution (Count 6); and (4) breach of contract

(Count 7). Notice of Removal ("Notice"), Ex. A. Although the causes of action are titled as state law claims, the Complaint contains multiple references to federal law:

> 7. The jurisdiction of this Court is invoked to secure the protection of Civil Rights and to redress deprivation of rights, privileges, and immunities secured by: a) Article One of the Constitution of the State of Hawaii, Sections Two, Five, Eight and Thirteen; b) The 14th Amendment to the Constitution of the United States, Section 1; c) Commerce Clause, article 1, section 8, clause 3 of the Constitution of the United States; c) [sic] Chapters §378-2, §378-32 and §378-62 of the Hawaii Revised Statutes at seq. [sic] providing for injunctive relief and damages for discrimination in employment; and providing for the equal rights of citizens and all persons within the jurisdiction of the State of Hawaii in the United States. . . .
>
> . . . .
>
> 33. Applying an 18 year life time freeze upon Mr. Lesane in his new position of FAA safety inspection, is clearly improperly retaliatory and illegally perpetuates the illegal effects of past discrimination in violation of Griggs vs. Duke Power Co. 401 US supra @ 426, 91 S Ct at 851, 28 L Ed 2d @ 161 and quoted in Rowe vs. General Motors Corp. 457 F 2d 345 @ 355, and NATIONAL RAILROAD PASSENGER CORPORATION v. MORGAN, 536 U.S. 101 (2002). Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 251 (1994). . .
>
> . . . .
>
> 60. These actions of both Defendants both breached Hawaiian' [sic] "Confidential" severance contract with Plaintiff Lesane and also violated the Plaintiff's Constitutional Right to make a contract under 42 U.S.C. 1981 [sic] . . . .
>
> . . . .

> 62. These actions of both Defendants breached Hawaiian' [sic] "Confidential" severance contract with Plaintiff Lesane signed in 2001, which contained a $300,000.00 disclosure penalty, which Defendants Hawaiian Airlines and Dunkerly violated by contacting the F.A.A. and disparaging Plaintiff Lesane falsely and in breach of the Confidentiality and non-disparagement clauses as a part of the Defendants [sic] efforts to violate the Plaintiff's Constitutional Right to fair employment and to make a contract under Articles 2, 5, and 8 of the Hawaii State Constitution and 42 U.S.C. § 1981, which breeches [sic] and disclosures caused Plaintiff to lose a promotion and raise of $20,000.00 annually for which damages these defendants are responsible to compensate Plaintiff Lesane.

*Id.*

Plaintiff effectuated service upon Defendant on March 22, 2019. Notice at ¶ 3. Defendant subsequently removed the action, asserting the following two bases for removal jurisdiction: (1) federal question jurisdiction and (2) retention of jurisdiction under *Lesane I*.

On April 14, 2019, Plaintiff filed an Objection to Removal of Case from State Court and Motion to Remand the Case or in the Alternative Amend the Motion to Amend Complaint. ECF No. 9. The Court addresses Plaintiff's request to remand.[1]

---

[1] The Court previously denied the request to amend the Complaint as premature. ECF No. 10 ("A request to amend is premature, as the propriety of removal jurisdiction is "determined according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

## LEGAL STANDARD

Section 1441(a) authorizes removal of an action by a defendant and provides:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is a strong presumption against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court).

The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Courts should presume that a case lies outside the limited jurisdiction of the federal courts. *Hunter*, 582 F.3d at 1042.

ANALYSIS

A. Existence of Federal Question Jurisdiction

Plaintiff argues that remand is appropriate because he does not assert any federal claims. Whether federal question jurisdiction exists is determined by the well-pleaded complaint rule, which "'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hunter*, 582 F.3d at 1042 (quoting *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007)); *Kerr v. Delaware N. Cos., Inc.*, No. 116CV01797LJOSAB, 2017 WL 880409, at *1 (E.D. Cal. Mar. 6, 2017); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (citations omitted) ("A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint."). Thus, "removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." *Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)). The federal question may not be aided by the answer or by the petition for removal. *Takeda*, 765 F.2d at 822 (citation omitted).

Although the titles of Plaintiff's claims exclusively reference state law, he asserts violations of federal law throughout his Complaint. Indeed, he alleges that

5

Defendant violated the Fourteenth Amendment of the U.S. Constitution; violated the Commerce Clause of the U.S. Constitution; interfered with his right to contract pursuant to 42 U.S.C. § 1981; and discriminated against him in violation of multiple federal cases. Notice, Ex. A at ¶¶ 7, 33, 60, 62. Because the Complaint presents a federal question on its face, Defendant properly removed the action based on federal question jurisdiction.

Plaintiff has indicated that he wishes to amend his Complaint to add federal claims if this Motion is denied. Any request for amendment must be presented by formal motion and must clearly identify the proposed amendments.

B. <u>Jurisdiction Pursuant to *Lesane I*</u>

As a second basis for removal, Defendant cites the Court's retention of jurisdiction in *Lesane I*. In *Lesane I*, the parties reached a settlement. Their Stipulation for Dismissal with Prejudice of all Claims and all Parties and for Retention of Jurisdiction by the Court and Order included the following provision: "the parties further stipulate that this Court shall <u>retain jurisdiction of this action</u> for the purposes of resolving any disputes that may arise in the future regarding the parties' settlement agreements, their terms of the enforcement thereof." *Id.*, Ex. B at 2 (emphasis added).

That Judge Ezra <u>retained</u> jurisdiction in *Lesane I* for the limited purpose of resolving disputes concerning the settlement agreement does not <u>confer</u> jurisdiction

for the purpose removing a state court action. First, retention of jurisdiction was limited to *Lesane I*. Second, the Court regularly retains jurisdiction to resolve settlement disputes that may arise in the days, weeks, and months following the dismissal of an action, but this is to prevent the Court from being divested of jurisdiction over that particular mater; it is not meant to confer jurisdiction over future disputes and/or claims presented in a new and different civil action. Even if the retention of jurisdiction in *Lesane I* conferred jurisdiction over Plaintiff's breach of settlement agreement claims, the Court could not have reasonably anticipated or intended that the retention of jurisdiction would extend for a period of 18 years.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY DENIES Plaintiff's Motion to Remand the Case, filed April 14, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 9, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00179 JAO-KJM; *LESANE V. HAWAIIAN AIRLINES, INC.*; ORDER DENYING PLAINTIFF'S MOTION TO REMAND THE CASE