ANDRE S. WOOTEN        3887
ATTORNEY AT LAW
1188 BISHOP STREET
CENTURY SQUARE, SUITE 1908
HONOLULU, HAWAII    96813
TELEPHONE NO: 808-545-4165

ATTORNEY FOR PLAINTIFF
REZA (RAY) LESANE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REZA (RAY) LESANE, | CIVIL NO. 19-00179-JAO-KJM |
| Plaintiff, | PLAINTIFF LESANE' ANSWER TO THE COUNTER-CLAIM FILED BY DEFENDANT HAWAIIAN AIRLINES |
| vs. | SERVED ON Sept. 3, 2019 AND COUNTER-CLAIM TO DEFEN- |
| HAWAIIAN AIRLINES, INC. Hawaiian AIRLINES CEO, Mark Dunkerley, | DANTS'S COUNTER-CLAIM |
| Defendants. | |

**PLAINTIFF LESANE' ANSWER TO THE COUNTER-CLAIM FILED BY DEFENDANT HAWAIIAN AIRLINES SERVED ON Sept. 3, 2019**

The Plaintiff, REZA (RAY) LESANE, by and through his attorney of record, Andre S. Wooten, hereby files this Answer to the Counterclaim to the Complaint served upon him on or about September 3, 2019, filed in the United States District Court for Hawaii on August 28, 2019 as follows:

**I. THE SPURIOUS AND FRAUDULENT NATURE OF THIS COUNTER-CLAIM**

**Plaintiff Denies Paragraph** 1:

Only two of the prior lawsuits mentioned by Hawaiian

Airlines the ones that were filed in 1998 and 2001 were against Hawaiian Airlines and they were consolidated and resolved through two settlement agreements.

The terms of the First agreement required, among other things, that Hawaiian pay for Counterclaim Defendant's health insurance until the earlier of the date he became eligible for health care benefits under his new employer's plan or December 31, 2001.

However, the terms of the Second Settlement Agreement states that at paragraph nine, Hawaiian says they think their obligation to pay Mr. Lesane' health insurance ended July 26, 2001. Indicating that Hawaiian knew Mr. Lesane was hired at Aloha Airlines in June of 2001. The 2nd Settlement Agreement stated Hawaiian would continue to pay Counter-Claim Defendant Lesane' Health Insurance **to August 31, 2001.**

This statement both confirms that Mr. Lesane informed Hawaiian promptly when he began working at Aloha Airlines and that Hawaiian Airlines knew that Mr. Lesane started with Aloha in June 2001. So his medical insurance there began in July 2001 and therefore he would not need Hawaiian to pay it after that. Hawaiian was clearly notified, as this justified the amendment of the First Settlement Agreement which had extended the medical insurance payments to December 31, 2001.

Paragraph 9 of the Second Settlement Agreement closes by

stating: "If Lesane can prove, through evidence acceptable to Hawaiian that he could not be and is not covered by Aloha insurance AFTER AUGUST 31, 2001, Hawaiian will continue to pay it."

Since Mr. Lesane never told Hawaiian that his insurance with Aloha did not begin in July 2001 as required by the Second Settlement Agreement, any failure to stop paying Mr. Lesane' medical insurance after August 31, 2001 is entirely the fault and responsibility of Hawaiian Airlines and not Mr. Lesane.

Hawaiian Airlines did not pay Mr. Lesane any money for medical insurance after August 31, 2001 or December 31, 2001. Mr. Lesane has no knowledge that, and certainly did not request that Hawaiian Airlines pay anyone else for this on his behalf negligently in contravention of the 2nd Settlement Agreement.

Hawaiian Airlines makes payments for the medical insurance of its thousands of employees each month, and someone in H.R. must have confused payments Hawaiian must make for its thousands of actual employees medical insurance, with the account of this former employee, which is not Mr. Lesane' fault or responsibility.

Under the terms of the Second Settlement agreement, Hawaiian Airlines current demand for Mr. Lesane to re-imburse Hawaiian for Hawaiian' alleged error is a fraudulent request under both Section 480-2 of the HRS and the common law. For any good

reading of the Second Settlement Agreement shows the Medical insurance was supposed to stop August 31, 2001, unless "Lesane can prove, through evidence acceptable to Hawaiian that he could not be and is not covered by Aloha insurance AFTER AUGUST 31, 2001.."

Hawaiian Airlines purported counter-claim is fatally deficient as no presentation of any request for continued medical insurance was alleged to have been made by Mr. Lesane (or actually made at that time) to trigger any continued payment of medical insurance by Hawaiian airlines after August 31, 2001.

The numerous other irrelevant matters mentioned by Hawaiian Airlines in the first paragraph shows its animus to Plaintiff Lesane and a desire to influence the court with irrelevant matters, and those comments about irrelevant matters should be stricken.

**Plaintiff Denies Paragraph 2**: While it may be True that Hawaiian negligently and or erroneously continued to pay for medical insurance for Mr. Lesane for years after December 31, 2001, when Hawaiian' obligation ceased under the parties written confidential settlement agreement. Mr. Lesane however, did nothing to make any of that happen.

And since his medical insurance premiums were already being paid by his new employers, Mr. Lesane never used or benefitted from Hawaiian Airlines apparent double payment to Kaiser

Insurance Company for medical insurance coverage.

Mr. Lesane received a letter from Kaiser in 2013 or 2014 telling him that Hawaiian had terminated his coverage. That was when he first learned that Hawaiian had been still paying for his medical coverage. So that means Kaiser was getting double payment on his behalf for over a decade.

However, Mr. Lesane never contacted Hawaiian about medical coverage after 2001 and he did not request any medical coverage. Mr. Lesane had no need it, since he has had good medical coverage with Aloha Airlines in 2001 and the FAA since joining it in 2010.

Mr. Lesane thought Hawaiian Airlines stopped paying for his medical insurance after August 31, 2001 according to the language of the 2nd Settlement Agreement. He understood that it was to stop then, unless he presented solid evidence to Hawaiian that his insurance with Aloha did not commence, but he did not do that.

So, if Hawaiian Airlines was negligently paying Kaiser Ins. allegedly on Mr. Lesane' behalf (along with thousands of other current or former employees) for 13 years after August 31, 2001, something is wrong in their HR/accounting department. Clearly Mr. Ray Lesane is not responsible for Hawaiian Airlines' obvious, acknowledged and admitted negligence in this instance.

Clearly if Hawaiian Airlines voluntarily, but erroneously continued to pay medical insurance to Kaiser for Mr. Lesane'

family along with hundreds or thousands of other Hawaiian Airlines current and former employees after the August 31, 2001 automatic expiration date of the 2nd settlement agreement. Hawaiian did so of its own accord and not due to or upon any request from Mr. Lesane prior to August 31, 2001, as required by the 2nd Settlement Agreement.  As Mr. Lesane never made such a request.

**II. PARTIES - ADMIT**

1. Counter Claim Plaintiff Hawaiian Airlines states it is a foreign for profit corporation incorporated in the State of Delaware, that principally does business in the City and County of Honolulu, State of Hawai'I.

2. Counterclaim Defendant Ray Lesane, at all times relevant herein, was and is a resident of the City and County of Honolulu, State of Hawai'i.

**III. JURISDICTION AND VENUE - ADMIT**

3. On March 19, 2019, Counterclaim Defendant filed a Complaint against Hawaiian in the First Circuit Court, State of Hawai'i (Civil No. 19-1-0448-

3). The action was later removed to the United States District Court for the District of Hawai'i (Civil No. 19-00179 JAO-KJM) on April 8, 2019. On August 15, 2019, Counterclaim Defendant filed his First Amended Complaint.

4. This Court has jurisdiction over this Counterclaim under

28 U.S.C. § 1367, as the Counterclaim asserts claims that are so related to those in the Complaint that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in the District of Hawai'i pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to the claims asserted herein occurred in substantial part within this judicial district.

## IV. RELEVANT FACTS.

Over 19 years ago Plaintiff Lesane ceased to work for Hawaiian Airlines as a Supervisor of Aircraft maintenance, and he filed and confidentially settled an employment discrimination case with Hawaiian Airlines IN 2001.

After which Plaintiff Lesane left Hawaiian' employ he worked for Aloha Airlines and several others. Mr. Lesane became employed as an aviation safety inspector for the Federal Aviation Administration (F.A.A.) in 2010 and has been inspecting Hawaiian Airlines airplanes since 2012. FAA regulations only require a one year hiatus period for FAA inspectors to refrain from inspecting property of their former employers.

Mr. Lesane was promoted by the Federal Aviation Administration to a position which entailed principal maintenance inspector of Hawaiian Airlines for the F.A.A. However, Once Hawaiian Airline learned of Mr. Lesane's promotion by the Federal

Aviation Administration to principal maintenance inspector of Hawaiian Airlines aircraft, executives with Hawaiian Airlines contacted the F.A.A. and complained, interfering with Mr. Lesane employment contract with the F.A.A. in a retaliatory and discriminatory manner.

**Plaintiff Denies Paragraph 6**: This is a false recitation of mostly irrelevant matters having nothing to do with this case. And shows the employers animus for employees of color who are forced to speak up and demand that their civil and constitutional rights be recognized by those who seek to trample over or ignore them.

**Paragraph 7**: Plaintiff Lesane did complain to the FAA when it acceded to Defendant Hawaiian Airlines demand to rescind his 2019 promotion. That matter is still pending, however, Plaintiff Lesane does expect to prevail, as Defendant Hawaiian Airlines clearly violated the law and the terms of the 2001 settlement agreement and retaliated against Plaintiff Lesane. And the FAA violated its own policy when executives capitulated to the Hawaiian request to deny Plaintiff the FAA promotion he had earned.

**Paragraph 8**: **ADMIT**

**Plaintiff Denies Paragraph 9**: Defendant Hawaiian Airlines is only mentioning the First Settlement Agreement, although it was amended in this regard by the Second Settlement Agreement

which reduced Hawaiian Airlines obligation to pay Mr. Lesane' medical insurance to August 31, 2001.  The First Settlement Agreement insurance termination date was amended from December 31, 2001 to August 31, 2001 in recognition that Mr. Lesane informed Hawaiian he was hired by Aloha Airlines in June 2001.  Remember their locations used to be right next door at the air port so it was no secret when Mr. Lesane was hired by Aloha airlines.

This statement is False because under paragraph 9 of the 2nd Settlement Agreement, the only way Mr. Lesane would be responsible for Hawaiian continuing to pay his medical insurance after August 31, 2001, would be if Mr. Lesane formally presented a request for an extension to Hawaiian Airlines with credible evidence that his Aloha Insurance did not begin in July 2001.  And he never did so.  Therefore, he is clearly not responsible for Hawaiian' bureaucratic negligence.

**Plaintiff Denies Paragraph 10**.

**Paragraph 11**:    **ADMIT**.

**Plaintiff Denies Paragraph 12**:    Paragraph 9 of the Second Settlement Agreement closes by stating: "If Lesane can prove, through evidence acceptable to Hawaiian that he could not be and is not covered by Aloha insurance AFTER AUGUST 31, 2001, Hawaiian will continue to pay it."  Otherwise it was agreed to end August 31, 2001 automatically by the parties in that agreement.

**Paragraph 13**: **ADMIT**.

**Plaintiff Denies Paragraph 14**: The Medical Insurance was to terminate Augut 31, 2001. Counter Claim Defendant Lesane lacks sufficient knowledge of the truth or falsity of this statement. Hawaiian did not pay Counter Claim Defendant Lesane any money for medical insurance after August 31, 2001. Counter Claim Defendant Lesane has no knowledge that Hawaiian paid anyone else, allegedly on his behalf negligently in contravention of the 2nd Settlement Agreement.

**Paragraph 15**: **ADMIT**. Plaintiff received medical coverage while working for Aloha airlines.

**Paragraph 16**: **ADMIT**. Plaintiff received medical coverage while working for Swissport USA, Inc.

**Paragraph 17**: **ADMIT**. Plaintiff received medical coverage while working for the Federal Aviation Administration ("FAA").

**Plaintiff Denies Paragraph 18**: Mr. Lesane understood Hawaiian would not extend his medical coverage beyond August 31, 2001.

**Paragraph 19**: **ADMIT**. And Mr. Lesane never asked Hawaiian to extend his medical coverage beyond December 31, 2001 or August 31, 2001 for that matter. Counter Claim Defendant Lesane has no knowledge that Hawaiian paid anyone else, allegedly on his behalf negligently in contravention of the 2nd Settlement Agreement.

**Plaintiff Denies Paragraph 20**: No payments were ever made

directly to Mr. Lesane, so there was nothing sent to him to reject. He did not know that Hawaiian was still negligently and erroneously paying Kaiser Insurance, because no one told him and Aloha Airlines, his employer was paying for the medical coverage that he did use when he needed to. Counter Claim Defendant Lesane has no knowledge that Hawaiian paid anyone else, allegedly on his behalf negligently in contravention of the 2nd Settlement Agreement.

**Paragraph 21**: Counter-Claim Defendant Lesane lacks sufficient knowledge to affirm or deny this statement. He reserves the right to amend this Answer after sufficient discovery has been conducted.

**Plaintiff Denies Paragraph 22**:

**Plaintiff Denies Paragraph 23**:

**Paragraph 24**: Counter-Claim Defendant Lesane lacks sufficient knowledge to affirm or deny this statement. He reserves the right to amend this Answer after sufficient discovery has been conducted.

**Paragraph 25**: **ADMIT.**

All of the forgoing statements of fact apply to these answers to each claim and the all defenses asserted herein.

**FIRST CLAIM FOR RELIEF:**
**BREACH OF THE IMPLIED COVENANT OF**
**GOOD FAITH AND FAIR DEALING**

**SECOND CLAIM FOR RELIEF:**

**UNJUST ENRICHMENT**

**THIRD CLAIM FOR RELIEF:
RECOVERY OF PAYMENT MADE UNDER MISTAKE OF FACT**

**FOURTH CLAIM FOR RELIEF:
RECOUPMENT**

**FIFTH CLAIM FOR RELIEF:
MONEY HAD AND RECEIVED**

**Paragraphs 26-52**: Deny.

**FIRST DEFENSE**

27. The Defendant & Counter-Claim Plaintiff Hawaiian Airlines has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

28. The Answering Plaintiff & Counter-claim Defendant Ray Lesane is not liable to Plaintiff because at all times relevant he acted in good faith and without malice.

**THIRD DEFENSE**

29. THE Defendant & Counter-Claim Plaintiff Hawaiian Airlines's claims are barred by fraud under the common law as well as Section 480-2 of the Hawaii Revised Statutes. They should be required to pay Plaintiff & Counter-claim Defendant Ray Lesane treble damages of the spurious amount they claim for filing such a blatantly fraudulent claim.

**FOURTH DEFENSE**

30. The Defendant & Counter-Claim Plaintiff Hawaiian

Airlines's claim is barred by the Hawaii Statute of Limitations of 7 years for a contract, and the contract between these parties expired on its face on December 31, 2001; and two years for a tort, which ended in 2014, which fits the Hawaiian Counter-claimants' fraudulent claim in this instance.

31. The Plaintiff & Counter-claim Defendant Ray Lesane gives notice that they may rely upon the defense that the Defendant & Counter-Claim Plaintiff Hawaiian Airlines lacks standing to assert claims for injunctive relief, depending upon facts adduced through further investigation and discovery.

## FIFTH DEFENSE

32. The Defendant & Counter-Claim Plaintiff Hawaiian Airlines claims may be barred because it has failed to mitigate it's damages, depending upon facts adduced through further investigation and discovery.

## SIXTH DEFENSE

33. The Plaintiff & Counter-claim Defendant Ray Lesane gives notice that he may rely upon the defense that the Plaintiff & Counter-claim Defendant Ray Lesane is not liable to the Defendant & Counter-Claim Plaintiff Hawaiian Airlines for any alleged failure to enforce any regulation, rule, by-law or regulation or the adequacy of Defendant & Counter-Claim Plaintiff Hawaiian Airlines adherence.

## SEVENTH DEFENSE

34. If Defendant & Counter-Claim Plaintiff Hawaiian Airlines was injured as alleged in the complaint, such injuries and damages were legally caused by Defendant & Counter-Claim Plaintiff Hawaiian Airlines negligence or other wrongful conduct.

**EIGHTH DEFENSE**

35. The Negligent and or intentional acts of others was the proximate legal cause of any injuries and or damages suffered by the Defendant & Counter-Claim Plaintiff Hawaiian Airlines and is an intervening cause of the Defendant & Counter-Claim Plaintiff Hawaiian Airlines's damages superceding any negligence alleged by Defendant & Counter-Claim Plaintiff Hawaiian Airlines, if any.

**NINTH DEFENSE**

36. The Defendant & Counter-Claim Plaintiff Hawaiian Airlines claims are barred by fraud.

**TENTH DEFENSE**

37. The Plaintiff & Counter-claim Defendant Ray Lesane is not liable for punitive damages.

**ELEVENTH DEFENSE**

38. This action is barred by the Doctrine of Unclean Hands.

**TWELFTH DEFENSE**

39. The Plaintiff & Counter-claim Defendant Ray Lesane cannot be held liable for any alleged claim for acts based upon

actions or omissions in performing or failing to perform a discretionary function and or duty and acting in good faith.

### THIRTEENTH DEFENSE

40. The Plaintiff & Counter-claim Defendant Ray Lesane have no control over acts or omissions of other individuals as relative to the complaint.

### FOURTEENTH DEFENSE

41. The Plaintiff & Counter-claim Defendant Ray Lesane gives notice that he intends to rely upon the defense that the Defendant & Counter-Claim Plaintiff Hawaiian Airlines has not suffered any injury or damages or has failed to mitigate their damages, if any.

### FIFTEENTH DEFENSE

42. The Plaintiff & Counter-claim Defendant Ray Lesane gives notice that he intend to rely upon the defense that he was acting lawfully pursuant to his duties and obligations at all times relevant and did not act outside of the scope of his authority.

### SIXTEENTH DEFENSE

43. Defendant & Counter-Claim Plaintiff Hawaiian Airlines has failed to plead any specific facts or damages with factual details sufficient to establish any entitlement to special damages as defined under and pursuant to Rule 9 (G) of the Federal Rules of Civil Procedure.

**SEVENTEENTH DEFENSE**

44. The alleged negligence or actions of the Plaintiff & Counter-claim Defendant Ray Lesane is not the proximate cause of the Defendant & Counter-Claim Plaintiff Hawaiian Airlines's injuries or damages, and was not a substantial factor causing any of the Defendant & Counter-Claim Plaintiff Hawaiian Airlines's alleged injuries.

**EIGHTEENTH DEFENSE**

45. The Plaintiff & Counter-claim Defendant Ray Lesane states that if the Defendant & Counter-Claim Plaintiff Hawaiian Airlines was injured or damaged as alleged in the complaint, then the Defendant & Counter-Claim Plaintiff Hawaiian Airlines's own negligence was the sole proximate cause of the Defendant & Counter-Claim Plaintiff Hawaiian Airlines' injury or damages, or contributed to such injuries or damages to such an extent that the Defendant & Counter-Claim Plaintiff Hawaiian Airlines's negligence was far greater than The Plaintiff & Counter-claim Defendant Ray Lesane's, hence Defendant & Counter-Claim Plaintiff Hawaiian Airlines cannot recover from The Plaintiff & Counter-claim Defendant Ray Lesane therefore.

**NINETEENTH DEFENSE**

46. The Defendant & Counter-Claim Plaintiff Hawaiian Airlines acted with such poor judgement and lack of due care at the time of the alleged injury, which resulted in Defendant &

Counter-Claim Plaintiff Hawaiian Airlines alleges damages that they cannot recover from Plaintiff & Counter-claim Defendant Ray Lesane.

**TWENTIETH DEFENSE**

47. The Plaintiff & Counter-claim Defendant Ray Lesane reserves the right to assert any affirmative defenses or to rely upon any other matter of avoidance pursuant to Rule 8 © of the Hawaii Rules of Civil Procedure and to seek to amend his answer to conform to any additional facts or assert any additional defenses revealed through further discovery or investigation of the allegations of this case.

51. **Wherefore,** the Plaintiff & Counter-claim Defendant Ray Lesane requests that the court deny all of the Defendant & Counter-Claim Plaintiff Hawaiian Airlines's Claims for relief and for Foreclosure due to the unclean hands, breaches of contract and fraudulent actions of the The Defendant & Counter-Claim Plaintiff Hawaiian Airlines, as set forth in the following

**PLAINTIFF' LESANE' COUNTER-CLAIM TO DEFENDANT HAWAIIAN AIRLINES COUNTER-CLAIM**

52. Under the terms of the Second Settlement agreement Hawaiian Airlines knew or should have known that this Complaint's demand for Mr. Lesane to re-imburse Hawaiian for Hawaiian' alleged error is a fraudulent request under both Section 480-2 of the HRS and the common law.

53. Any good reading of the Second Settlement Agreement shows that Mr. Leane's Medical insurance was supposed to stop on August 31, 2001, unless "Lesane can prove, through evidence acceptable to Hawaiian that he could not be and is not covered by Aloha insurance AFTER AUGUST 31, 2001."

54. Hawaiian Airlines knows that Mr. Lesane informed it of being hired by Aloha Airlines in June 2001; and he never requested any Medical Insurance after August 31, 2001, which was specifically required for any extension of medical coverage beyond August 31, 2001 in the Second Settlement Agreement.

55. Hawaiian Airlines purported counter-claim is fatally deficient, as no presentation of any request supported by competent evidence sufficient for Hawaiian Airlines was ever made for continued medical insurance by Mr. Lesane to trigger any continued payment of medical insurance by Hawaiian airlines after August 31, 2001. Nor was it alleged to have been timely made by Defendant & Counter-Claimant Hawaiian Airlines.

56. Under the terms of the Second Settlement Agreement Hawaiian Airlines requirement to continue to pay Mr. Lesane' medical insurance automatically ended and ceased August 31, 2001, unless Mr. Lesane made a specific written request supported by evidence that Aloha Airlines had not covered his insurance as of July 2001.

57. Defendant & Counter-Claim Plaintiff Hawaiian Airlines

knows that no such written request was ever made by Mr. Lesane in 2001.

58. Therefore all of Defendant & Counter-Claim Plaintiff Hawaiian Airlines statements of Plaintiff and Counter-Claim Defendant Lesane being responsible for Defendant & Counter-Claim Plaintiff Hawaiian Airlines continuing to allegedly pay for medical insurance for Mr. Lesane are knowingly false, erroneous, misleading and fraudulent.

59. Consequently, the Defendant & Counter-Claim Plaintiff Hawaiian Airlines is liable for damages to Plaintiff Lesane for emotional distress and financial expenses of defending himself in court against this patently false and fraudulent claim under Section 480-2 of the Hawaii Revised Statutes and the Common Law.

This 19th day of September, 2019.

    /S/ Andre' S. Wooten
ANDRE' S. WOOTEN
ATTORNEY FOR PLAINTIFF
REZA (RAY) LESANE