IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REZA LESANE, | ) | Civil No. 19-00179 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | HAWAIIAN AIRLINES, INC.'S |
| vs. | ) | MOTION TO STRIKE PLAINTIFF |
| | ) | LESANE'S ANSWER TO THE |
| HAWAIIAN AIRLINES, INC.; and | ) | COUNTER-CLAIM FILED BY |
| MARK DUNKERLEY, | ) | DEFENDANT HAWAIIAN AIRLINES |
| | ) | AND FINDINGS AND |
| Defendants. | ) | RECOMMENDATION TO DISMISS |
| | ) | PLAINTIFF'S COUNTER-CLAIM TO |
| | ) | DEFENDANT'S COUNTERCLAIM; |
| | ) | AND ORDER DENYING AS MOOT |
| | ) | PLAINTIFF LESANE'S MOTION |
| | ) | FOR ENLARGEMENT OF TIME TO |
| | ) | FILE AN ANSWER AND COUNTER- |
| | ) | CLAIM TO THE DEFENDANT |
| | ) | HAWAIIAN AIRLINES' ANSWER |
| | ) | AND COUNTER-CLAIM FILED |
| | ) | AUG. 28, 2019 |
| _____ | ) | |

ORDER DENYING DEFENDANT HAWAIIAN AIRLINES,
INC.'S MOTION TO STRIKE PLAINTIFF LESANE'S ANSWER
TO THE COUNTER-CLAIM FILED BY DEFENDANT HAWAIIAN
AIRLINES AND FINDINGS AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COUNTER-CLAIM TO DEFENDANT'S COUNTERCLAIM;
AND ORDER DENYING AS MOOT PLAINTIFF LESANE'S MOTION
FOR ENLARGEMENT OF TIME TO FILE AN ANSWER AND
COUNTER-CLAIM TO THE DEFENDANT HAWAIIAN AIRLINES'
ANSWER AND COUNTER-CLAIM FILED AUG. 28, 2019

On October 14, 2019, Defendant Hawaiian Airlines, Inc. ("Defendant") filed

a Motion to Strike Plaintiff Lesane's Answer to the Counter-Claim Filed by

Defendant ("Motion to Strike").  ECF No. 53.  On November 11, 2019, Plaintiff Reza Lesane ("Plaintiff") filed his Memorandum in Opposition to the Motion to Strike.  ECF No. 67.  On November 18, 2019, Defendant filed its reply.  ECF No. 71.

On October 31, 2019, Plaintiff filed a Motion for Enlargement of Time to File an Answer and Counter-Claim to the Defendant Hawaiian Airlines' Answer and Counter-Claim Filed Aug. 28, 2019 ("Motion for Enlargement of Time").  ECF No. 56.  On November 18, 2019, Defendant filed its Memorandum in Opposition to the Motion for Enlargement of Time.  ECF No. 70.  Plaintiff did not file a reply.

On December 9, 2019, the Court held hearings on the Motion to Strike and the Motion for Enlargement of Time.  Andrew S. Wooten, Esq., appeared on behalf of Plaintiff, and John S. Rhee, Esq., and Cheuk Fu Lui, Esq., appeared on behalf of Defendant.  After carefully considering the memoranda, arguments, and the record in this case, the Court DENIES the Motion to Strike and DENIES AS MOOT the Motion for Enlargement of Time for the reasons set for the below.  The Court also FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's counterclaim to Defendant's Counterclaim, set forth in ECF No. 44.

BACKGROUND

On March 19, 2019, Plaintiff filed his original Complaint in the Circuit Court of the First Circuit, State of Hawaii. ECF No. 1-1. On April 8, 2019, Defendant removed the action to this district court. ECF No. 1. On August 15, 2019, Plaintiff filed a First Amended Complaint. ECF No. 34. On August 28, 2019, Defendant filed its Answer to the First Amended Complaint and a Counterclaim. ECF Nos. 39 (Answer) , 39-1 (Counterclaim). On September 22, 2019, Plaintiff filed his Answer to Defendant's Counterclaim ("Counterclaim Answer"), in which Plaintiff also includes a counterclaim to Defendant's Counterclaim ("Counter-Counterclaim"). *See* ECF No. 44 at 17-19. The Counter-Counterclaim asserts claims against Defendant pursuant to "Section 480-2 of the Hawaii Revised Statutes and the Common Law." *Id.* at 19.

On October 14, 2019, Defendant filed the Motion to Strike, which asks the Court to strike Plaintiff's Counterclaim Answer and Counter-Counterclaim. On October 30, 2019, Plaintiff filed the Motion for Enlargement of Time, which seeks a retroactive enlargement of time for Plaintiff to file an answer to Defendant's Counterclaim.

DISCUSSION

Plaintiff filed his Counterclaim Answer on September 22, 2019. The Motion to Strike argues that, pursuant to Federal Rule of Civil Procedure 12(a)(1)(B),

Plaintiff's Counterclaim Answer was due four days earlier, on September 18, 2019. Defendant thus argues that the Court should strike the Counterclaim Answer as untimely. *See* ECF No. 53-1 at 3.

The Federal Rules of Civil Procedure do not "provide a specific sanction for late filing of an answer." *McCabe v. Arave*, 827 F.2d 634, 641 n.5 (9th Cir. 1987). "Any sanction could be imposed as part of a court's 'inherent power.'" *Id.* at 640. The Court recognizes, however, that "'federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme . . . , is not, by itself, a sufficient reason for granting a motion to strike.'" *Barefield v. HSBC Holdings PLC*, 1:18-cv-00527-LJO-JLT, 2019 WL 918206, at *3 (E.D. Cal. February 22, 2019) (other citations omitted) (quoting *Wynes v. Kaiser Permanente Hosps.*, No. 2:10-cv-00702-MCE), 2013, WL 2449498, at *1 (E.D. Cal. June 5, 2013)); *see also Larson v. Liberty Mut. Fire Ins. Co.*, No. CIV. 09-00308 SOM-BMK, 2009 WL 3540897, at *1 (D. Haw. Oct. 29, 2009) (denying motion to strike untimely answer where answer was only filed six days late, the defendant's conduct "was not culpable," and plaintiff suffered no prejudice), *aff'd*, No. CIV. 09-00308 SOM-BMK, 2009 WL 3762989, (D. Haw. Nov. 10, 2009). "Even in cases where more than a year has passed since the deadline to file an answer, courts are reluctant to grant motions to strike." *Id.* (citing *Beal v. U.S. Dep't of Agric.*, No. CV-10-0257-EFS, 2012 WL 3113181, at *2 (E.D. Wash. July 31 2012)

(declining to strike answer filed 14 months late in light of judicial preference for deciding cases on the merits)).

Here, Plaintiff filed his Counterclaim Answer only four days after the deadline had passed. The Court thus exercises its discretion to deny the Motion to Strike as to Defendant's request to strike the Counterclaim Answer.

Defendant also argues that the Court should strike, or in the alternative dismiss, the Counter-Counterclaim because it is barred by the *Noerr-Pennington* doctrine. ECF No. 53 at 2. "The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for redress of grievances.'" *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (alterations in *Sosa*) (quoting U.S. Cons. amend. I.). "Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Id.* (other citations omitted) (citing *Empress LLC v. City & Cty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005)).

Although the doctrine initially applied to immunize acts of petitioning the legislature from antitrust liability, "'[t]he doctrine has since been applied to actions petitioning each of the three branches of government, and has been expanded beyond its original antitrust context.'" *UMG Recordings, Inc. v. Global Eagle Etm't, Inc.*, 117 F. Supp. 3d 1092, 1112-13 (C.D. Cal. 2015) (quoting *Theme*

5

*Promotions, Inc. v. News Am. Marketing FSI*, 546 F.3d 991, 1007 (9th Cir. 2008)). For example, the Ninth Circuit has held that the *Noerr-Pennington* doctrine provides immunity for state, as well as federal, statutory liability.  *See Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1059 (9th Cir. 1998) ("[T]he *Noerr-Pennington* doctrine sweeps broadly and is implicated by both state and federal antitrust claims that allege anticompetition activity in the form of lobbying or advocacy before any branch of either federal or state government.").  The Court thus finds that the *Noerr-Pennington* doctrine bars the Counter-Counterclaim to the extent it asserts a claim for statutory liability pursuant to Hawaii Revised Statutes § 480-2, a state statutory antitrust provision.

Plaintiff contends that the "sham litigation" exception to the *Noerr-Pennington* doctrine applies.  *See* ECF No. 67 at 4.  "The Ninth Circuit has held that a defendant's activities may fall into [the 'sham litigation'] exception if they include making intentional misrepresentations to the court that then 'deprive[s] the litigation of its legitimacy."  *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 644 (9th Cir. 2009) (some alterations added) (quoting *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998)); *see also UMG Recordings*, 117 F. Supp. 3d at 1113 ("A 'sham' lawsuit is one that is both 'objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits,' and 'an attempt to interfere directly with the business relationship of a competitor through

6

the use of the governmental *process* – as opposed to the outcome of the *process*.'" (quoting *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61 (1993))).

After carefully reviewing Defendant's Counterclaim and Plaintiff's Counter-Counterclaim, the Court finds that Plaintiff fails to adequately plead facts demonstrating that the "sham litigation" exception applies, *i.e.*, that Defendant's Counterclaim is objectively baseless. Nearly all of Plaintiff's allegations in the Counter-Counterclaim are defenses to Defendant's Counterclaim, not facts that support a new, independent claim. Thus, the *Noerr-Pennington* doctrine provides Defendant immunity from Plaintiff's statutory claims pursuant to Hawaii Revised Statutes § 480-2.

To the extent the Counter-Counterclaim asserts state common law claims, however, the Court finds that the *Noerr-Pennington* doctrine does not bar such claims. In *Theme Promotions*, the Ninth Circuit held that the *Noerr-Pennington* doctrine applies to California's state law tortious interference with prospective economic advantage claims. *Theme Promotions*, 546 F.3d at 1007. The Ninth Circuit has not yet addressed, however, whether the *Noerr-Pennington* doctrine provides immunity against all state common law claims. *Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.*, 711 F.3d 1136, 1141 n.2 (9th Cir. 2013) (citations omitted) ("But as the *Noerr-Pennington* question is not properly before us, we

need not address whether the doctrine provides immunity against state common law claims at all.  That remains an open question in this circuit, the answer to which may well depend on state law.").  Neither Defendant nor Plaintiff contends that the Counter-Counterclaim asserts a claim for tortious interference with prospective economic advantage.  Defendant thus fails to persuade the Court that the *Noerr-Pennington* doctrine applies to any state common law claims Plaintiff asserts in its Counter-Counterclaim.

Notwithstanding the Court's finding that the *Noerr-Pennington* doctrine does not apply to Plaintiff's state common law claims, the Court agrees with Defendant's argument that such claims are subject to dismissal for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Although the Counter-Counterclaim does not specifically identify the state common law claims Plaintiff asserts, it does assert allegations of fraud.  *See* ECF No. 44 at 19 ¶¶ 58, 59.  The Court thus analyzes whether the Counter-Counterclaim sufficiently states a claim for fraud.

Under Hawaii law, the elements of a fraud claim are:  "(1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), [(3)] in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them." *Shoppe v. Gucci Am., Inc.*, 94 Haw. 368, 386, 14 P.3d 1049, 1067 (2000).  Fraud

claims are subject to the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *RSMCFH, LLC v. FareHarbor Holdings, Inc.*, 361 F. Supp. 3d 981, 990 (D. Haw. 2019) (citations omitted). Rule 9(b) requires that, "when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud. . . .'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done nothing wrong.'" *Id.* (other quotation marks and citations omitted) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

The Court has carefully reviewed the Counter-Counterclaim and finds that it fails to satisfy the heightened pleading standard for fraud claims under Rule 9(b). More specifically, Plaintiff's Counter-Counterclaim fails to allege that (1) Defendant made representations that were false, (2) in contemplation of Plaintiff's reliance on such representations, and (3) Plaintiff did, in fact, rely upon such representations. Simply put, Plaintiff's general allegations that Defendant's Counterclaim is fraudulent is insufficient to state a claim for fraud.

Based on the foregoing, the Court finds that the *Noerr-Pennington* doctrine provides immunity against the Counter-Counterclaim to the extent it asserts a claim under Hawaii Revised Statutes § 480-2. The Court also finds that the

9

Counter-Counterclaim fails to state a claim for fraud under Hawaii law. Accordingly, the Court denies the Motion to Strike as to Defendant's request to strike the Counter-Counterclaim, but recommends that the district court dismiss Plaintiff's Counter-Counterclaim. Moreover, in light of the Court's decision to deny the Motion to Strike as set forth above, the Court denies as moot the Motion for Enlargement of Time.

## CONCLUSION

Based on the foregoing, the Court DENIES the Motion to Strike (ECF No. 53) and FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Counter-Counterclaim set forth in ECF No. 44. In addition, the Court DENIES AS MOOT Plaintiff's Motion for Enlargement of Time (ECF No. 56).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 18, 2019.



Kenneth J. Mansfield
United States Magistrate Judge

*Lesane v. Hawaiian Airlines, Inc., et al.*, Civil No. 19-00179 JAO-KJM; Order Denying Defendant Hawaiian Airlines, Inc.'s Motion to Strike Plaintiff Lesane's Answer to the Counter-Claim Filed by Defendant Hawaiian Airlines and Findings and Recommendation to Dismiss Plaintiff's Counter-Claim to Defendant's Counterclaim; and Order Denying as Moot Plaintiff Lesane's Motion for Enlargement of Time to File an Answer and Counter-Claim to the Defendant Hawaiian Airlines' Answer and Counter-Claim Filed Aug. 28, 2019