IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REZA (RAY) LESANE, | ) | CIVIL NO. 19-00179 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING THE |
| | ) | MAGISTRATE JUDGE'S ORDER |
| vs. | ) | DENYING PLAINTIFF'S SECOND |
| | ) | MOTION TO AMEND THE |
| HAWAIIAN AIRLINES, INC.; | ) | COMPLAINT AND FILE CROSS |
| MARK DUNKERLY, | ) | COUNTER-CLAIM AND JOIN |
| | ) | NECESSARY THIRD PARTY |
| Defendants. | ) | DEFENDANT KAISER PERMANENTE |
| | ) | MEDICAL INS. CO. INC. |
| | ) | |
| | ) | |

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND THE COMPLAINT AND FILE CROSS COUNTER-CLAIM AND JOIN NECESSARY THIRD PARTY DEFENDANT KAISER PERMANENTE MEDICAL INS. CO. INC.

Plaintiff Reza Lesane ("Plaintiff") objects to Magistrate Judge Kenneth J. Mansfield's Order Denying Plaintiff's Second Motion to Amend the Complaint and File Cross Counter-Claim and Join Necessary Third Party Defendant Kaiser Permanente Medical Ins. Co. Inc. ("Order").[1] ECF No. 121. This matter shall be decided without a hearing pursuant to Local Rule 7.1(d). For the reasons articulated below, the Court AFFIRMS Magistrate Judge Mansfield's Order.

---

[1] Plaintiff erroneously refers to the Order as a Recommendation. Plaintiff's filings also violate Local Rule 10.2, which requires all memoranda to utilize **14-point Times New Roman plain style**.

## BACKGROUND

Plaintiff commenced this action on March 19, 2019 in the Circuit Court of the First Circuit, State of Hawai'i. Defendant Hawaiian Airlines, Inc. ("Hawaiian") removed this action on April 8, 2019.

The Rule 16 Scheduling Order, filed on May 6, 2019, established October 4, 2019 as the deadline to join additional parties or to amend the pleadings. ECF No. 19 at ¶ 5.

On August 15, 2019, Plaintiff filed a First Amended Complaint ("FAC"). Hawaiian responded with an Answer and Counterclaim on August 28, 2019.

On November 7, 2019, Plaintiff filed a Second Motion to Amend the Complaint and File Cross Counter-Claim and Join Necessary Third Party Defendant Kaiser Permanente Medical Ins. Co. Inc. ECF No. 65. Magistrate Judge Mansfield denied the motion for failure to comply with Local Rule 7.8's pre-filing conference requirement. ECF No. 78. Plaintiff refiled the motion on November 26, 2019. ECF No. 79.

Following a hearing on the motion, Magistrate Judge Mansfield issued his Order on December 18, 2019. He concluded that Plaintiff failed to establish good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("FRCP") to reopen the deadline to add parties/amend the pleadings. ECF No. 111 at 3-4. He reasoned that Plaintiff was not diligent in seeking to amend the scheduling order

because even accepting as true Plaintiff's contention that his proposed amendment is based on new information that Hawaiian asserts in its Counterclaim, Plaintiff had more than one month to request leave to file an amended complaint before October 4, 2019. *Id.* at 4.

On January 1, 2020, Plaintiff filed his Objection challenging the entirety of Magistrate Judge Mansfield's analysis. ECF No. 121 at 1-2.

## STANDARD OF REVIEW

Parties may object to magistrate judge's pretrial orders. *See* Fed. R. Civ. P. 72(a); Local Rule 74.1. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is *clearly erroneous or is contrary to law*." Fed. R. Civ. P. 72(a) (emphasis added); *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1041 n.4 (9th Cir. 2010).

The "clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004) (citations and internal quotations omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (stating that a district court may not overturn a magistrate judge's pretrial order "simply because [it]

3

might have weighed differently the various interests and equities").

## ANALYSIS

Plaintiff argues that he demonstrated good cause to amend his complaint because he was unaware of the basis for amendment until Hawaiian filed its Counterclaim on August 28, 2019. And only then could he submit discovery requests pertaining to Hawaiian's payment of medical insurance premiums to Kaiser, the responses to which he received on November 26, 2019. While Plaintiff concedes that he missed the deadline to amend the pleadings, he contends that Hawaiian is estopped from claiming prejudice due to its theft and concealment.

After the expiration of the deadline to amend the pleadings/add parties, FRCP 16, not FRCP 15, controls the amendment of pleadings. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). FRCP 16(b)(4) authorizes the modification of a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry "primarily considers the diligence of the party seeking the amendment." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson*, 975 F.2d at 609); *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). If the party seeking the modification was not diligent, the motion should be denied. *See Branch*, 871 F.3d at 764; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met

despite the diligence of the party seeking the extension.'" *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). Prejudice to the non-moving party might supply additional reasons to deny the motion, but the inquiry focuses on the moving party's basis for seeking modification. *See Johnson*, 975 F.2d at 609. The district court has "broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (quoting *Johnson*, 975 F.2d at 607) (quotations omitted).

As a preliminary matter, the Court notes that Plaintiff challenges Magistrate Judge Mansfield's finding that he failed to satisfy FRCP 16(b)(4)'s good cause standard. But in the underlying proceedings, Plaintiff did not cite the rule or standard, nor argue that he satisfied it; he relied exclusively on FRCP 15(a) to support his request to file a second amended complaint. Indeed, even now, Plaintiff does not cite the proper legal standard. He merely contends, in conclusory fashion, that he demonstrated good cause. The Court need not consider arguments raised for the first time in objections to a Magistrate Judge's non-dispositive order. *Beavers-Gabriel v. Medtronic, Inc.*, No. CIV. 13-00686 JMS-RLP, 2015 WL 3397859, at *4 (D. Haw. May 26, 2015); *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, No. 10CV541-GPC(WVG), 2014 WL 6851607, at *30 (S.D. Cal. June

16, 2014); *see also United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

Even considering Plaintiff's Objection, Magistrate Judge Mansfield did not err in determining that Plaintiff failed to act diligently in seeking to reopen the deadline to add parties/amend the pleadings. Plaintiff's counsel argued at the hearing before Magistrate Judge Mansfield that he filed the motion as soon as he could based on his schedule and that there is no prejudice to Defendants because they raised the allegations in their Counterclaim in an untimely manner. Plaintiff's conduct falls well short of satisfying the good cause standard. As explained above, the good cause standard requires that a scheduling order deadline could not be met despite the moving party's diligence. That counsel waited to seek amendment until it comported with his schedule demonstrates a lack of diligence. Hawaiian filed its Counterclaim on August 28, 2019—the source of the information that Plaintiff relied upon for his proposed amendments—which afforded Plaintiff more than one month to seek relief before the October 4, 2019 deadline to add parties/amend pleadings. Yet Plaintiff waited until November 7, 2019, more than two months

6

after Hawaiian filed its Counterclaim, to file his Second Motion to Amend the Complaint and File Cross Counter-Claim and Join Necessary Third Party Defendant Kaiser Permanente Medical Ins. Co. Inc.  Due to Plaintiff's failure to comply with the Local Rules, the accepted version of his motion was finally filed on November 26, 2019.  Plaintiff argues that he did not receive information from Kaiser until November 26, 2019.  However, it was unnecessary for him to seek or obtain discovery to seek leave to amend the pleadings.

Although Plaintiff focuses on the purported lack of prejudice to Hawaiian, that is not the salient inquiry.  If anything, the Court could consider the prejudice to Hawaiian as a basis to support denial of a request to amend a scheduling order, but not as the basis to grant such a request in the absence of diligence.  Because Plaintiff did not act diligently, Magistrate Judge Mansfield properly denied his motion.  For these reasons, the Court AFFIRMS Magistrate Judge Mansfield's Order.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY AFFIRMS Magistrate Judge Mansfield's Order Denying Plaintiff's Second Motion to Amend the Complaint and File Cross Counter-Claim and Join Necessary Third Party Defendant Kaiser Permanente Medical Ins. Co. Inc.  ECF No. 121.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 14, 2020.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00179 JAO-KJM; *LESANE V. HAWAIIAN AIRLINES, INC.*; ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND THE COMPLAINT AND FILE CROSS COUNTER-CLAIM AND JOIN NECESSARY THIRD PARTY DEFENDANT KAISER PERMANENTE MEDICAL INS. CO. INC.