IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REZA (RAY) LESANE, | ) | CIVIL NO. 19-00179 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER (1) REJECTING PLAINTIFF'S |
| | ) | OBJECTION TO THE MAGISTRATE |
| vs. | ) | JUDGE'S DECEMBER 18, 2019 |
| | ) | RECOMMENDATION TO DISMISS |
| HAWAIIAN AIRLINES, INC.; | ) | PLAINTIFF'S COUNTER-CLAIM TO |
| MARK DUNKERLY, | ) | NEW ALLEGATIONS IN COUNTER- |
| | ) | CLAIM FILED BY DEFENDANTS |
| Defendants. | ) | AUGUST 28, 2019 AND (2) ADOPTING |
| | ) | MAGISTRATE JUDGE MANSFIELD'S |
| | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DISMISS PLAINTIFF'S COUNTER- |
| | ) | CLAIM TO DEFENDANT'S |
| | ) | COUNTERCLAIM |
| | ) | |
| | ) | |

**ORDER (1) REJECTING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S DECEMBER 18, 2019 RECOMMENDATION TO DISMISS PLAINTIFF'S COUNTER-CLAIM TO NEW ALLEGATIONS IN COUNTER-CLAIM FILED BY DEFENDANTS AUGUST 28, 2019 AND (2) ADOPTING MAGISTRATE JUDGE MANSFIELD'S FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COUNTER-CLAIM TO DEFENDANT'S COUNTERCLAIM**

Plaintiff Reza Lesane ("Plaintiff") objects to Magistrate Judge Kenneth J.

Mansfield's Findings and Recommendation to Dismiss Plaintiff's Counter-Claim

to Defendant's Counterclaim ("F&R").[1]  ECF No. 122.  This matter shall be decided without a hearing pursuant to Local Rule 7.1(d).  For the reasons articulated below, the Court OVERRULES Plaintiff's "Objection to the Magistrate' [sic] December 19, 2019 Recommendation to Dismiss Plaintiff's Counter-Claim to New Allegations in Counter-Claim Filed by Defendants August 28, 2019 Filed on Sept. 22, 2019," ECF No. 122, and ADOPTS the F&R.

## BACKGROUND

Plaintiff commenced this action on March 19, 2019 in the Circuit Court of the First Circuit, State of Hawaiʻi.  Defendant Hawaiian Airlines, Inc. ("Hawaiian") removed this action on April 8, 2019.

On August 15, 2019, Plaintiff filed a First Amended Complaint ("FAC").  Hawaiian responded with an Answer and Counterclaim on August 28, 2019.  On September 22, 2019, Plaintiff filed an Answer to Hawaiian's Counterclaim and a Counterclaim to Hawaiian's Counterclaim.

---

[1]  The F&R is part of a consolidated Order Denying Defendant Hawaiian Airlines Inc.'s Motion to Strike Plaintiff Lesane's Answer to the Counter-Claim Filed by Defendant Hawaiian Airlines and Findings and Recommendation to Dismiss Plaintiff's Counter-Claim to Defendant's Counterclaim and Order Denying as Moot Plaintiff Lesane's Motion for Enlargement of Time to File an Answer and Counter-Claim to the Defendant Hawaiian Airlines' Answer and Counter-Claim Filed Aug. 28, 2019.  ECF No. 110.

   Plaintiff's filings continue to violate Local Rule 10.2, which requires all memoranda to utilize **14-point Times New Roman plain style**.

On October 14, 2019, Hawaiian filed a Motion to Strike Plaintiff Lesane's Answer to the Counter-Claim Filed by Hawaiian, requesting in pertinent part that the Court strike or dismiss Plaintiff's Counterclaim to its Counterclaim. ECF No. 53. Following a hearing on Hawaiian's motion, Magistrate Judge Mansfield issued his F&R on December 18, 2019. ECF No. 110. He concluded that the *Noerr-Pennington* doctrine barred Plaintiff's Counterclaim to Hawaiian's Counterclaim ("Counter-Counterclaim"). *Id.* at 6. Specifically, Magistrate Judge Mansfield found that the *Noerr-Pennington* doctrine provided Defendant with immunity from Plaintiff's Hawai'i Revised Statutes ("HRS") § 480-2 claims because Plaintiff failed to adequately plead facts that Hawaiian's Counterclaim is objectively baseless, or subject to the "sham litigation" exception, and that the allegations in the Counter-Counterclaim are defenses to the Counterclaim, not facts supporting a new, independent claim. *Id.* at 7. Magistrate Judge Mansfield also determined that the *Noerr-Pennington* doctrine did not bar the common law claims set forth in the Counter-Counterclaim. *Id.* at 7-8. However, he dismissed the claims—which he construed to allege fraud—for failure to state a claim under Hawai'i law pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). *Id.* at 8-10.

On January 1, 2020, Plaintiff filed his Objection. ECF No. 122.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## ANALYSIS

Plaintiff argues that Magistrate Judge Mansfield should not have dismissed his Counter-Counterclaim because he: (1) properly objected to the "sham" Counterclaim and should be allowed to present his defenses to the jury and (2) adequately described Hawaiian's false fraudulent statements.[2] Hawaiian counters

---

[2] The Court disregards any request by Plaintiff to further amend his pleadings. The Court already ruled on such issues in its Order Affirming the Magistrate Judge's Order Denying Plaintiff's Second Motion to Amend the Complaint and File Cross Counter-Claim and Join Necessary Third Party Defendant Kaiser Permanente Medical Ins. Co. Inc. ECF No. 126.

that Plaintiff does not demonstrate that Magistrate Judge Mansfield improperly applied the *Noerr-Pennington* doctrine to the statutory claims in the Counter-Counterclaim, and that Plaintiff has yet to satisfy FRCP 9(b).

As a preliminary matter, the Court notes that the Objection is replete with arguments that Plaintiff did not present to Magistrate Judge Mansfield. "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). The Court, exercising its discretion, declines to consider arguments and/or evidence that was unavailable to Magistrate Judge Mansfield when he issued the F&R. Where, as here, the F&R concerns a determination about the sufficiency of a pleading, new arguments and/or evidence are irrelevant and do not bear upon the soundness of Magistrate Judge Mansfield's analysis.

The Objection attempts to rehabilitate the Counter-Counterclaim's deficiencies, but Plaintiff's post hoc efforts fail. Although the Counter-Counterclaim consists of a mere eight paragraphs, Plaintiff now advances allegations spanning over twenty-five pages, along with inapplicable legal

5

authority—including a *criminal* statute—in an effort to reinstate his Counter-Counterclaim.

## A. Application of *Noerr-Pennington* Doctrine

Magistrate Judge Mansfield concluded that the *Noerr-Pennington* doctrine precluded Plaintiff from asserting statutory liability against Hawaiian pursuant to HRS § 480-2 and that the "sham litigation" exception did not apply.  Plaintiff contends that Hawaiian's Counterclaim is a sham because it "is based entirely upon the illegal, unauthorized clandestine identity theft of [his] personal medical identification information . . . years after the employment relationship ended in litigation and a stipulated 'Confidential Settlement Agreement.'"  Objection at 3.

"Under the *Noerr–Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct."  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (citation omitted).  Litigation activities constituting "communications to the court" are "petitions."  *Id.* at 933 (alteration omitted) (citation omitted).  Communications include:  complaints, answers, counterclaims, "and other assorted documents and pleadings, in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something."  *Id.* (quotations and citation omitted).

Not all petitioning activity is protected, however. When the department of the government involved is a court, the Ninth Circuit identifies three circumstances in which the sham litigation exception to the *Noerr-Pennington* doctrine applies: (1) "where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful"; (2) "where the conduct involves a series of lawsuits 'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose"; and (3) "if the allegedly unlawful conduct 'consists of making intentional misrepresentations to the court, litigation can be deemed a sham if a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy.'" *Id.* at 938 (some internal quotations omitted); *Kottle v. Nw. Kidney Centers*, 146 F.3d 1056, 1060 (9th Cir. 1998).

Plaintiff "takes severe and specific exception" to Magistrate Judge Mansfield's determination that Hawaiian's Counterclaim is not a "Sham Complaint," Objection at 2-3, but he has not explained how Magistrate Judge Mansfield erred. Indeed, Plaintiff does not even cite the applicable legal standards. And his eight-paragraph Counter-Counterclaim is devoid of "specific allegations demonstrating that the *Noerr-Pennington* protections do not apply." *Boone v. Redevelopment Agency of San Jose*, 841 F.2d 886, 894 (9th Cir. 1988) (citation

omitted). Allegations that the sham litigation exception applies are subject to a heightened pleading standard. *See Kottle*, 146 F.3d at 1063.

The sole basis for Plaintiff's Objection as to Magistrate Judge Mansfield's *Noerr-Pennington* doctrine analysis is that an illegal premise—use of his social security number, birth date, and identity past the authorization date provided for in the settlement agreement—serves as the foundation of the Counterclaim. Objection at 3. This argument is without merit.

    1. <u>Whether the Counterclaim is Objectively Baseless</u>

Courts apply a two-part definition to determine whether a lawsuit constitutes sham litigation under this situation: (1) "the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits" and (2) "whether the baseless lawsuit conceals 'an attempt to interfere *directly* with the business relationships of a competitor.'" *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61 (1993). The suit is immunized under *Noerr-Pennington* "[i]f an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome[.]" *Id.* at 60. A court may only examine a litigant's subjective motivation if the challenged litigation is objectively meritless. *See id.*

Here, Hawaiian's Counterclaim is not objectively baseless because an objective litigant could conclude that the Counterclaim is reasonably calculated to

elicit a favorable outcome. In the Counterclaim, Hawaiian avers that it is entitled to restitution for the medical benefits Plaintiff unjustly received as a result of Hawaiian's erroneous payment of his healthcare insurance premiums years past the date it was obligated to do so. ECF No. 39-1. If proved, Hawaiian could prevail on its Counterclaim. Neither the allegations in the Counter-Counterclaim, nor Plaintiff's bald accusations of illegitimacy and illegality, support a finding of objective baselessness. Plaintiff's characterization of Hawaiian's request for reimbursement as fraudulent pursuant to HRS § 480-2 does not, without more, except it from the protection of *Noerr-Pennington*.

2. Series of Lawsuits

The Court need not address the second situation because this dispute concerns a single action, and not "a series of lawsuits, 'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose."

3. Intentional Misrepresentations to the Court

For this final situation to apply, Plaintiff's allegations must demonstrate that Hawaiian so misrepresented the truth to the Court that the entire proceeding was deprived of its legitimacy. *See Kottle*, 146 F.3d at 1063. Plaintiff alleges, in conclusory fashion, that Hawaiian's attribution of responsibility to him for its continued—albeit erroneous—payments for medical insurance premiums is

9

"knowingly false, erroneous, misleading and fraudulent." ECF No. 44 at ¶ 58. However, this is a disputed issue that is presently the subject of a motion for summary judgment; it cannot be said to deprive the entire litigation, or even the Counterclaim, of all legitimacy.

Based on the foregoing, the Court finds that Plaintiff has not alleged sufficient facts to demonstrate that the sham litigation exception applies. Therefore, Magistrate Judge Mansfield properly concluded that Plaintiff's HRS § 480-2 claim is barred by the *Noerr-Pennington* doctrine.

B. FRCP 12(b)(6) Dismissal of Fraud Claim

Magistrate Judge Mansfield found that the *Noerr-Pennington* doctrine does not bar state common law claims and dismissed the fraud claim in the Counter-Counterclaim pursuant to FRCP 12(b)(6) because Plaintiff failed to satisfy FRCP 9(b)'s heightened pleading standard. F&R at 7-9. Magistrate Judge Mansfield relied on *Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*, 711 F.3d 1136, 1141 n.2 (9th Cir. 2013), for the proposition that the Ninth Circuit has yet to address whether the *Noerr-Pennington* doctrine provides immunity against state common law claims. F&R at 7. Magistrate Judge Mansfield also noted that the Ninth Circuit previously held that the *Noerr-Pennington* doctrine applies to California's state law tortious interference with prospective economic advantage claims. *Id.* (citing *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th

Cir. 2008)).  In *Theme Promotions, Inc. v. News America Marketing, FSI*, the Ninth Circuit agreed with the Fifth Circuit's reasoning for extending the *Noerr-Pennington* doctrine to tortious interference with contract claims:  "There is simply no reason that a common-law tort doctrine can any more permissibly abridge or chill the constitutional right of petition than can a statutory claim such as antitrust." *Id.* at 1007 (quoting *Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075, 1084 (5th Cir. 1988)) (quotations omitted).  Based on this reasoning, the *Noerr-Pennington* doctrine would also arguably extend to Plaintiff's fraud claim.  Assuming it does not, however, Magistrate Judge Mansfield's dismissal of the fraud claim was proper.

FRCP 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, "'the court accepts the facts alleged in the complaint as true,' and '[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of*

*Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *Id.*  As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original).  If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007).

Plaintiff's allegations pertaining to fraud consist of the following:

> 52. Under the terms of the Second Settlement agreement [sic] Hawaiian Airlines knew or should have known that this Complaint's demand for Mrs. Lesane to re-imburse [sic]

> Hawaiian for Hawaiian' [sic] alleged error is a fraudulent request under . . . the common law. . . .
>
> . . . .
>
> 58.   Therefore [sic] all of Defendant & Counter-Claim Plaintiff Hawaiian Airlines [sic] statements of Plaintiff and Counter-Claim Defendant Lesane being responsible for Defendant & Counter-Claim Plaintiff Hawaiian Airlines continuing to allegedly pay for medical insurance for Mr. Lesane are knowingly false, erroneous, misleading and fraudulent.
>
> 59.   Consequently, the Defendant & Counter-Claim Plaintiff Hawaiian Airlines is liable for damages to Plaintiff Lesane for emotional distress and financial expenses of defending himself in court against this patently false and fraudulent claim under Section 480-2 of the Hawaii Revised Statutes and the Common Law.

ECF No. 44 at ¶¶ 52, 58-59.  Notably, the gravamen of Plaintiff's Counter-Counterclaim is that Hawaiian's Counterclaim itself is fraudulent, not that Hawaiian otherwise acted fraudulently.

To establish a common law fraud claim, a plaintiff must show that there was "(1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which the other party relies and acts to his or her damage." *Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.*, 116 Hawaiʻi 277, 298, 172 P.3d 1021, 1042 (2007).  Allegations concerning fraud must be pled with particularity pursuant to FRCP 9(b).  *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d

13

1213, 1232-33 (D. Haw. 2010). FRCP 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc), *superseded on other grounds by* 15 U.S.C. § 78u–4. FRCP 9(b)'s purpose is threefold:

> (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citations omitted) (alterations in original).

The "who, what, when, where, and how" of the alleged misconduct must accompany averments of fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). A plaintiff must offer something greater "than the neutral facts necessary to identify the transaction." *Vess*, 317 F.3d at 1106. He or she must identify "what is false or misleading about a statement, and why it is false." *Id.* (citation omitted). The circumstances constituting the alleged fraud must "be 'specific enough to give defendants notice

of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id.* (citations omitted).

As explained by Magistrate Judge Mansfield, Plaintiff did not allege that Hawaiian made false representations, in contemplation of Plaintiff's reliance on such representations, and that Plaintiff in fact relied on those representations. F&R at 9. Beyond the absence of the basic elements of a fraud claim, Plaintiff's bare allegations did not satisfy FRCP 9(b)'s pleading requirements. Moreover, Plaintiff appears to misapprehend the function of a pleading and a brief. Plaintiff attempts to utilize his Objection to assert claims against Hawaiian, but those allegations should have been presented in a pleading, if at all. Not only did Plaintiff fail to raise those allegations in his Counter-Counterclaim and in his opposition to Hawaiian's underlying motion, he now asks this Court to reject the F&R based on allegations and evidence presented for the first time in his Objection. As previously noted, the Court declines to consider arguments and evidence that were not before Magistrate Judge Mansfield.

Even if Plaintiff had timely articulated those arguments and evidence, Magistrate Judge Mansfield did not err in dismissing Plaintiff's fraud claim. Magistrate Judge Mansfield's review—as is this Court's review—was limited to the contents of the Counter-Counterclaim. *See Swartz*, 476 F.3d at 763 ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in

15

the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."). Plaintiff's assertions of fraud were minimal and grossly deficient. And any arguments outside the Counter-Counterclaim are irrelevant.

Plaintiff also erroneously believes that the dismissal of his Counter-Counterclaim deprived him of the ability to assert defenses to the Counterclaim. Defenses should be presented in an answer, not a counterclaim. *See* Fed. R. Civ. P. 8(c)(2) (explaining that a designation of a defense as a counterclaim, or a counterclaim as a defense, is a mistake). "The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label." *Stickrath v. Globalstar, Inc.*, No. C07-194 1 TEH, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008) (citation and quotation omitted). Plaintiff's Answer to the Counterclaim includes twenty defenses. ECF No. 44. Therefore, the dismissal of the Counter-Counterclaim does not impair Plaintiff's ability to defend against the Counterclaim.

In sum, Magistrate Judge Mansfield did not err in dismissing the Counter-Counterclaim because the sham litigation exception does not apply, and Plaintiff failed to state a fraud claim. Accordingly, the Court REJECTS the Objection and ADOPTS the F&R.

## CONCLUSION

For the reasons articulated above, the Court HEREBY REJECTS Plaintiff's Objection to the Magistrate's December 18, 2019 Recommendation to Dismiss Plaintiff's Counter-Claim to New Allegations in Counter-Claim Filed by Defendants August 28, 2019, ECF No. 122, and ADOPTS Magistrate Judge Mansfield's Findings and Recommendation to Dismiss Plaintiff's Counter-Claim to Defendant's Counterclaim. ECF No. 110.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, February 27, 2020.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00179 JAO-KJM; *LESANE V. HAWAIIAN AIRLINES, INC.*; ORDER (1) REJECTING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S DECEMBER 18, 2019 RECOMMENDATION TO DISMISS PLAINTIFF'S COUNTER-CLAIM TO NEW ALLEGATIONS IN COUNTER-CLAIM FILED BY DEFENDANTS AUGUST 28, 2019 AND (2) ADOPTING MAGISTRATE JUDGE MANSFIELD'S FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COUNTER-CLAIM TO DEFENDANT'S COUNTERCLAIM